RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 12/8/11

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| MARK A. CROSS | CIVIL ACTION NO. 11-0098 |
|---|---|
| VERSUS | JUDGE ROBERT G. JAMES |
| WARDEN, WINN CORRECTIONAL CENTER | MAG. JUDGE KAREN L. HAYES |

### RULING

Pending before the Court is a Petition for Writ of *Habeas Corpus* filed by Petitioner Mark A. Cross, pursuant to 28 U.S.C. § 2254. On October 6, 2011, Magistrate Judge Hayes issued a Report and Recommendation [Doc. No. 24] in which she recommended that the Court dismiss Cross's Petition.

On October 24, 2011, Cross filed objections to the Report and Recommendation [Doc. No. 27]. For the most part, Cross raises the same issues and arguments presented in his original Petition. Having fully considered the Report and Recommendation and the record in this matter, including Cross's objections, the Court finds that the Magistrate Judge correctly stated the law and analyzed Cross's claims. Therefore, the Court ADOPTS her Report and Recommendation.

The Court issues this Ruling for the sole purpose of addressing Cross's new arguments in support of his first claim. In his Petition, Cross lists his first claim as insufficiency of the evidence. However, in his objections, Cross now contends there was a "'Failure of Justice'" with regard to his first claim because the evidence was not only insufficient, but also because his trial counsel was ineffective for failing to argue a "plausible line of defense," specifically that of entrapment, and for failing to interview witnesses. To the extent that Cross asserts that his new

arguments support his claim of insufficiency of the evidence, the Court finds that Cross's arguments add nothing to the analysis. The Magistrate Judge's Report and Recommendation fully and correctly addresses the sufficiency of the evidence against Cross.

A claim raised for the first time in objections to a magistrate judge's report is not properly before the Court. However, the Court may construe such a claim as a motion to amend petitioner's complaint or petition. *See United States v. Riascos*, 76 F.3d 93, 94 (5th Cir. 1996). In this case, an answer was filed by the Warden of the Winn Correctional Center on August 17, 2011. Therefore, Cross was not entitled to amend his Petition as of right, but was required to obtain consent of the opposing party or leave of Court. Leave should be freely given "when justice so requires." FED. R. CIV. P. 15. In determining whether to grant leave to amend, the Court considers such factors as "prejudice to the opposing party, undue delay, repeated failure to cure deficiencies with prior amendment, bad faith, dilatory motive and futility of amendment." *Union Planters Nat'l Leasing, Inc. v. Woods*, 687 F.2d 117, 121 (5th Cir. 1982).

To the extent that Cross is moving to amend his Petition to assert an entirely new claim of ineffective assistance of counsel based on counsel's failure to raise the defense of entrapment or to interview witnesses, the Court finds that Cross's motion should be DENIED. Cross's Petition has been pending before this Court since January 5, 2011. Cross has not indicated that he only recently obtained information to support his new claim of ineffective assistance of counsel, and he has not offered an explanation as to why he could not have raised this claim at the time of his original filing. Thus, on the basis of undue delay, the Court finds that justice does not require the Court to allow this amendment to Cross's Petition

Moreover, the Court finds that an amendment would be futile. It is well-established that

a petitioner must exhaust his available state court remedies before proceeding to federal court for habeas relief. 28 U.S.C. § 2254(b)(1)-(3); *Rose v. Lundy*, 455 U.S. 509 (1982). Generally, the exhaustion requirement is satisfied only when the grounds urged in a federal petition were previously presented to the state's highest court in a procedurally proper manner. *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988). In this case, it does not appear that Cross urged an argument of ineffective assistance of counsel for failure to present an entrapment defense or to interview witnesses to *any* court--state or federal--until filing these objections to the Magistrate Judge's Report and Recommendation. Therefore, the claim remains unexhausted.

At this point, it may well be that Cross's claim should be considered "technically" exhausted because state relief is no longer available. *Coleman v. Thompson*, 501 U.S. 722, 731-33 (1991). "[F]ederal habeas review of the technically exhausted claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Id.* at 750-51; *see also Jones v. Jones*, 163 F.3d 285 (5th Cir. 1998). Cross has presented no arguments, facts, or evidence to show cause for the default or prejudice to him.

Finally, even if Cross had properly exhausted his claim of ineffective assistance of counsel, the Court would find that the claim lacks merit. Cross has done nothing more than conclusorily claim that his attorney failed to interview witnesses, without identifying those witnesses or how the potential testimony of those witnesses would have affected the outcome of his trial. Without more information, the Court has no basis to find that counsel's performance fell below an objective standard for reasonableness and that the subpar performance prejudiced

Cross.

Similarly, given the evidence before the Court, counsel's failure to raise the defense of entrapment appears to be nothing more than trial strategy. "[A] defendant is entitled to an instruction as to any recognized defense for which there exists evidence sufficient for a reasonable jury to find in his favor." *Mathews v. United States*, 485 U.S. 58, 63 (1988). An entrapment defense requires a showing of "government inducement of the crime, and a lack of predisposition on the part of the defendant to engage in the criminal conduct." *Id.* Testimony that "a government agent solicited, requested, or approached the defendant to engage in a criminal conduct, standing alone, is insufficient to constitute inducement." *United States v. Nguyen*, 413 F.3d 1170, 1179 (10th Cir. 2005). Cross has presented no facts or evidence to suggest that an entrapment defense was appropriate in this case.

Accordingly, for the reasons set forth in the Report and Recommendation of the Magistrate Judge, as well as the reasons set forth in this Ruling, Cross's Petition is DENIED, and his claims are DISMISSED WITH PREJUDICE. Additionally, to the extent that Cross's objections [Doc. No. 27] can be construed as a motion to amend his Petition, the motion is DENIED.

MONROE, LOUISIANA this 8 day of December, 2011.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE